IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-352-D
No. 5:16-CV-563-D

| | | |
|---|---|---|
| ANTONIO LEVON MORRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 26, 2016, Antonio Levon Morris ("Morris") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence based on the alleged miscalculation of his advisory guideline range under Johnson v. United States, 135 S. Ct. 2551 (2015) [D.E. 30]. On February 13, 2017, the court stayed the action pending the Supreme Court's decision in Beckles v. United States. See [D.E. 39]. On June 8, 2017, the government moved to lift the stay and to dismiss Morris's motion [D.E. 42] and filed a supporting memorandum [D.E. 43]. As explained below, the court grants the government's motion to lift the stay and to dismiss and dismisses Morris's motion.

I.

On May 18, 2009, pursuant to a written plea agreement, Morris pleaded guilty to possession of firearms by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 17, 18]. On October 15, 2009, the court calculated Morris's advisory guideline range to be 120 months' imprisonment and sentenced Morris to 120 months' imprisonment. See [D.E. 28]. Morris did not appeal his conviction or sentence.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure

to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc). A criminal appeal must be filed within fourteen days after the court enters judgment of conviction. See Fed. R. App. P. 4(b)(1)(A)(i). If a defendant does not appeal his judgment, a conviction becomes final for purposes of section 2255's statute of limitations when the fourteen-day appeal period expires. See Clay v. United States, 537 U.S. 522, 532 (2003). But cf. United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001) (holding that a conviction becomes final for purposes of section 2255's statute of limitations on the date judgment is entered if a defendant fails to file a direct appeal).

On October 15, 2009, the court entered Morris's judgment of conviction [D.E. 28]. Therefore, under Clay, his judgment became final on October 29, 2009, and his period within which to file a section 2255 motion ended on October 28, 2010. See, e.g., Clay, 537 U.S. at 532. Morris, however, did not file his first section 2255 motion until June 26, 2016. See [D.E. 30]. Thus, Morris's section 2255 motion is untimely under section 2255(f). Furthermore, Morris has not alleged that any governmental action prevented him from filing a timely motion, that his motion is based on a right newly recognized by the Supreme Court, or that his motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, Morris's section 2255 motion is untimely under section 2255(f).

Alternatively, Morris may not bring his claim under section 2255. A petitioner generally may not use section 2255 to challenge the calculation of his advisory guideline range. See United States v. Foote, 784 F.3d 931, 936–40 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside, 775 F.3d at 183–87; United States v. Mikalajunas, 186 F.3d 490,

3

495–96 (4th Cir. 1999). Thus, the claim fails.

Alternatively, Morris's plea agreement contains an appellate waiver. See [D.E. 18] ¶ 2(c). In the waiver, Morris agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence of imprisonment in excess of the applicable advisory Guideline range, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The Defendant acknowledges that the advisory Guideline sentence mentioned above is not a promise of any particular sentence and is <u>not</u> binding on the Court. The Defendant agrees that should the sentence imposed exceed the advisory guideline range this would not affect the validity of the guilty plea, but merely would allow the Defendant to appeal a sentence in excess of the applicable advisory Guideline range. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. (emphasis in original). In light of Morris's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Morris's claim falls within the appellate waiver. Accordingly, the waiver bars Morris's claim.

Alternatively, Morris cannot use Johnson retroactively to challenge his advisory guideline range. See, e.g., Beckles v. United States, 137 S. Ct. 886, 895–97 (2017); United States v. Mack, 855 F.3d 581, 584–85 (4th Cir. 2017); United States v. Lee, 855 F.3d 244, 246–47 (4th Cir. 2017). Thus, Morris's Johnson claim fails.

After reviewing the claim presented in Morris's motion, the court finds that reasonable jurists would not find the court's treatment of Morris's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of

appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to lift the stay and to dismiss [D.E. 34, 42], DISMISSES Morris's section 2255 motions [D.E. 30], and DENIES a certificate of appealability.

SO ORDERED. This 21 day of June 2017.

JAMES C. DEVER III
Chief United States District Judge